UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SALKO RADONCIC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:15CV1194 JCH |
| | ) |
| PINNACLE ENTERTAINMENT, INC., et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Remand, filed September 21, 2015. (ECF No. 22). The motion is fully briefed and ready for disposition.

## BACKGROUND

On or about March 24, 2015, Plaintiffs Salko Radoncic, Adis Radoncic, and Halil Todic filed a Petition for Damages against Defendants Pinnacle Entertainment, Inc., Casino One Corp., Inc., Tropicana Entertainment Inc., Four Seasons Hotels Limited, Missouri Gaming Commission, Trooper Collins, and John Does 1-6 in the Circuit Court of the City of St. Louis, Missouri. (Petition for Damages (hereinafter "Complaint"), ECF No. 3). Plaintiffs' Complaint includes counts for battery, assault, intentional infliction of emotional distress, respondeat superior, negligence, false arrest, and false imprisonment. (*Id.*, ¶¶ 85-217). Plaintiffs further include claims for discrimination pursuant to 42 U.S.C. § 1981, for civil rights violations pursuant to 42 U.S.C. § 1983, and for attorneys' fees pursuant to 42 U.S.C. § 1988. (*Id.*, ¶¶ 218-260). All of Plaintiffs' claims stem from an alleged incident in the early morning hours of November 19, 2013, in which Defendants and/or their employees or agents violently attacked Plaintiffs as they attempted to enter Lumiere Casino, and then falsely imprisoned them for several hours. (*Id.*, ¶¶ 32-84).

On August 4, 2015, Defendants removed the case to this Court on the basis of federal question jurisdiction. (ECF No. 1). Plaintiffs then filed the instant Motion for Remand on September 21, 2015, claiming remand is appropriate because "the state common law tort claims contained in Plaintiffs' Petition are 'substantial' and dominate the pleading, and the federal claims are limited and arise out of the same set of operative facts." (ECF No. 22, ¶ 1).

## DISCUSSION

Pursuant to 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Further, pursuant to 28 U.S.C. § 1441, the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, with respect to the propriety of removal, "the question becomes whether the action as originally brought would have been within the District Court's federal-question jurisdiction, *see* 28 U.S.C. § 1331, if it had been filed in a federal district court in the first place." *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1003 (8th Cir. 2000). *See also Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (internal quotations and citation omitted) ("Federal question jurisdiction exists if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

A review of Plaintiffs' Complaint reveals it raises several federal questions, as Plaintiffs assert claims under 42 U.S.C. §§ 1981, 1983, and 1988. "When a federal question is present on the face of the petition, this Court has original jurisdiction and the action may be removed to federal court." *Lee v. Borders*, 2010 WL 3000065, at *1 (E.D. Mo. Jul. 28, 2010) (citing

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). *See also Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (internal quotations and citations omitted) ("Almost by definition, a claim under § 1983 arises under federal law and will support federal-question jurisdiction pursuant to [28 U.S.C.] § 1331."). This Court also has supplemental jurisdiction over Plaintiffs' state law claims, inasmuch as they form part of the same case or controversy as their federal claims. *Lee*, 2010 WL 3000065, at *1 (citing 28 U.S.C. § 1367(a)). *See also Convent Corp.*, 784 F.3d at 483 (internal quotations and citations omitted) ("The presence of even one federal claim gives the defendant the right to remove the entire case to federal court."). Thus, this case properly was removed, and Plaintiffs' Motion for Remand will be denied. *Williams*, 147 F.3d at 703.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion for Remand (ECF No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that the Casino Defendants' Motion for Attorneys' Fees and Expenses Incurred in Opposing Plaintiffs' Motion to Remand (ECF No. 28) is **DENIED**.

Dated this 16th Day of December, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE