UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SALKO RADONCIC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:15CV1194 JCH |
| | ) |
| PINNACLE ENTERTAINMENT, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Missouri Gaming Commission's Motion to Dismiss, filed September 4, 2015. (ECF No. 17). The motion is fully briefed and ready for disposition.

## BACKGROUND

On or about March 24, 2015, Plaintiffs Salko Radoncic, Adis Radoncic, and Halil Todic filed a Petition for Damages against Defendants Pinnacle Entertainment, Inc., Casino One Corp., Inc., Tropicana Entertainment Inc., Four Seasons Hotels Limited (collectively "Casino Defendants"), Missouri Gaming Commission ("MGC"), Trooper Barbara Collins, and John Does 1-6 in the Circuit Court of the City of St. Louis, Missouri. (Petition for Damages (hereinafter "Complaint"), ECF No. 3). With respect to MGC, Plaintiffs' Complaint includes claims for battery, assault, intentional infliction of emotional distress, respondeat superior, negligence, false arrest, false imprisonment, civil rights violations pursuant to 42 U.S.C. § 1983, and attorneys' fees pursuant to 42 U.S.C. § 1988. (*Id.*, ¶¶ 85-217, 233-260). All of Plaintiffs' claims stem from an alleged incident in the early morning hours of November 19, 2013, in which Defendants

and/or their employees or agents violently attacked Plaintiffs as they attempted to enter Lumiere Place Casino, and then falsely imprisoned them for several hours. (*Id.*, ¶¶ 32-84).

On August 4, 2015, Casino Defendants removed the case to this Court on the basis of federal question jurisdiction. (ECF No. 1). Defendants Trooper Barbara Collins and MGC filed their consents to removal on August 10 and September 21, 2015, respectively. (ECF Nos. 9, 21). MGC further filed the instant Motion to Dismiss on September 4, 2015, claiming Plaintiffs' state law claims against it are barred by sovereign immunity, and Plaintiffs' federal claims fail to state a claim upon which relief may be granted. (ECF No. 17).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

**I.     State Law Claims**

In its motion, MGC first claims that Plaintiffs' state law claims against it are barred by sovereign immunity. Mo.Rev.Stat. § 537.600 provides that public entities such as MGC enjoy immunity from suit unless it is "waived, abrogated or modified by statutes." *Id.*; *see also Richardson v. City of St. Louis*, 293 S.W.3d 133, 136 (Mo. App. 2009); *Fischer v. Steward*, 2010 WL 147865, at *11 (E.D. Mo. Jan. 11, 2010). "Under Missouri law, sovereign immunity is waived only in cases involving injuries directly resulting from the negligent act of a public employee arising out of the operation of a motor vehicle within the course of the person's employment, or for injuries caused by the condition of a public entity's property." *Shell v. Ebker*, 2006 WL 1026982, at *10 (E.D. Mo. Apr. 14, 2006) (citing Mo.Rev.Stat. § 537.600.1(1)-(2)).[1] Because these exceptions do not apply to this case, sovereign immunity bars Plaintiffs' state law claims against MGC for battery, assault, intentional infliction of emotional distress, respondeat superior, negligence, false arrest, and false imprisonment. *Lacy v. Gray*, 2013 WL 3766567, at *2 (E.D. Mo. Jul. 16, 2013); *T.U. ex rel. Davis v. Board of Educ. of St. Louis*, 2010 WL 4023931, at *1 (E.D. Mo. Oct. 13, 2010).[2]

**II.    Federal Claims**

MGC next asserts Plaintiffs' § 1983 claims against it must be dismissed, as they are based solely on a theory of respondeat superior. "It is well settled that respondeat superior

---

1 Public entities also may waive their sovereign immunity to the extent that they are covered by liability insurance, *see Southers v. City of Farmington*, 263 S.W.3d 603, 609 (Mo. banc 2008) (citing Mo.Rev.Stat. § 537.610), but Plaintiffs here make no allegation regarding the existence of such insurance.

2 Plaintiffs devote their response to an assertion that MGC waived its Eleventh Amendment immunity by consenting to removal. MGC does not assert a claim for such immunity in its motion, however. Furthermore, to the extent Plaintiffs intended to argue that by consenting to the removal of this suit to federal court, MGC waived its right to assert *sovereign* immunity as a defense to the state law claims against it, the Court rejects such contention. *See Lacy*, 2013 WL 3766567, at *3 (concluding the Missouri defendant's entitlement to immunity remained in federal court, even though it removed the case, because it did not waive sovereign immunity from suit for common law tort claims in its own state court).

cannot be the basis of liability in a § 1983 action." *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990) (citing *Bolin v. Black*, 875 F.2d 1343, 1347 (8th Cir. 1989)). "However, [a governmental entity] may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional [governmental] policy or custom." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).[3] "[A] 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the [governmental] official who has final authority regarding such matters." *Id.* (citations omitted). Plaintiffs do not identify an official policy responsible for the harms alleged in their Complaint, and so the Court must consider whether they adequately have alleged the existence of a relevant governmental custom. *Id.*

In order to sustain a claim based on custom, Plaintiffs must allege "(1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) [T]he plaintiff['s] injur[y] by acts pursuant to the governmental entity's custom, *i.e.*, [proof] that the custom was the moving force behind the constitutional violation." *Mettler*, 165 F.3d at 1204 (internal quotations and citations omitted). Further, "[a] single incident normally does not suffice to prove the existence of a [governmental] custom." *Id.* at 1205 (citations omitted).

As proof their claims are premised on the existence of an unconstitutional custom, Plaintiffs point to the following allegation in their Complaint: "That the aforementioned misuse of authority and power by Defendants *all of which was tolerated and condoned by the State of*

---

3 A governmental entity also may be held liable under § 1983 for constitutional violations resulting from a failure adequately to train its employees. *Larkin v. St. Louis Housing Authority Dev. Corp.*, 355 F.3d 1114, 1117 (8th Cir. 2004). Plaintiffs allege no such failure in their Complaint, however.

*Missouri through the Missouri Gaming Commission* was utterly egregious and shocking to the conscience." (*See* Compl., ¶¶ 237, 246, 254 (emphasis added)). Upon consideration, the Court finds this allegation insufficient to survive MGC's Motion to Dismiss. In other words, while Plaintiffs express consternation over MGC's alleged approval of Defendants' actions in this particular case, they do not allege that a widespread pattern of similar unconstitutional behavior existed, or that MGC exhibited deliberate indifference to or tacit authorization of such misconduct in the past. *Baker v. McCoy*, 739 F.2d 381, 384-85 (8th Cir. 1984). Under these circumstances, Plaintiffs' Complaint fails to state a cause of action against MGC under § 1983, and so this portion of MGC's Motion to Dismiss must be granted.[4]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Missouri Gaming Commission's Motion to Dismiss (ECF No. 17) is **GRANTED**, and Missouri Gaming Commission is **DISMISSED** as a Defendant in this matter.

Dated this 4th Day of January, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[4] In light of the above ruling, the Court agrees with MGC that Plaintiffs' claim against it pursuant to 42 U.S.C. § 1988 must be dismissed as well.