**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SALKO RADONCIC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1194 JCH |
| | ) | |
| PINNACLE ENTERTAINMENT, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Pinnacle Entertainment, Inc. ("Pinnacle"), Casino One Corp., Inc., now known as Tropicana St. Louis LLC ("Casino One")[1], Tropicana Entertainment Inc. ("Tropicana"), and Four Seasons Hotels Limited's ("Four Seasons") (collectively, "Casino Defendants") Motion to Dismiss Plaintiffs' Complaint, filed August 7, 2015. (ECF No. 6). The motion is fully briefed and ready for disposition.

## BACKGROUND

On or about March 24, 2015, Plaintiffs Salko Radoncic, Adis Radoncic, and Halil Todic filed a Petition for Damages against Casino Defendants, the Missouri Gaming Commission ("MGC")[2], Trooper Barbara Collins, and John Does 1-6 in the Circuit Court of the City of St. Louis, Missouri. (Petition for Damages (hereinafter "Complaint" or "Compl."), ECF No. 3). With respect to Casino Defendants, Plaintiffs' Complaint includes claims for battery, assault, intentional infliction of emotional distress, respondeat superior liability, negligence, false arrest,

---

1 As of May 1, 2015, Casino One Corp. has merged into Tropicana St. Louis LLC, and is now known as Tropicana St. Louis LLC. (Memorandum in Support of the Casino Defendants' Joint Motion to Dismiss Plaintiffs' Complaint ("Casino Defendants' Memo in Support"), P. 1 n. 1).

2 In a Memorandum and Order entered January 4, 2016, MGC was dismissed as a Defendant in this matter. (ECF No. 49).

false imprisonment, discrimination under 42 U.S.C. § 1981, civil rights violations under 42 U.S.C. § 1983, and attorneys' fees pursuant to 42 U.S.C. § 1988. (*Id.*, ¶¶ 85-260). All of Plaintiffs' claims stem from an alleged incident in the early morning hours of November 19, 2013, in which Defendants and/or their employees or agents violently attacked Plaintiffs as they attempted to enter Lumiere Place Casino, and then falsely imprisoned them for several hours. (*Id.*, ¶¶ 32-84).

On August 4, 2015, Casino Defendants removed the case to this Court on the basis of federal question jurisdiction. (ECF No. 1). Defendants Trooper Barbara Collins and MGC filed their consents to removal on August 10 and September 21, 2015, respectively. (ECF Nos. 9, 21). Casino Defendants filed the instant Motion to Dismiss on August 7, 2015, asserting that Tropicana, Pinnacle and Four Seasons must be dismissed as Casino One is the only proper Casino Defendant in this case, and that a number of Plaintiffs' claims must be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 6).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

### I.     Is Casino One The Only Proper Casino Defendant In This Case?

In their motion Casino Defendants first claim Tropicana, Pinnacle and Four Seasons must be dismissed, as Casino One is the only proper Casino Defendant in this case.  (Casino Defendants' Memo in Support, P. 4).  As support for this position, Casino Defendants assert that at all relevant times Casino One owned and operated Lumiere Place, including the casino and points where the incident at issue allegedly occurred.  (*Id.*).  Casino Defendants thus maintain that although Casino One is a wholly owned, indirect subsidiary of Tropicana, Casino One alone was responsible for hiring and supervising all Lumiere Place employees, including those allegedly involved here.  (*Id.*).  Casino Defendants further assert Tropicana had no affiliation with Casino One at the time of the incident[3], and Four Seasons was in no way involved, as it operates a hotel tower managed separately from where the alleged incident occurred.  (*Id.*).

In response, Plaintiffs request that the Court defer its ruling on this issue, in order to permit them time to engage in discovery with respect to "the exact nature of each named defendant[']s particular responsibility to the injuries sustained."  (Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint ("Plaintiffs' Opp."), PP. 3-4).  Upon consideration the Court will grant Plaintiffs' request, and deny this portion of Casino Defendants' Motion to Dismiss without prejudice.

---

3 According to Casino Defendants, Tropicana acquired Casino One months after the alleged incident, in a transaction consummated April 1, 2014.  (Casino Defendants' Memo in Support, P. 4).

## II.    Assault

Casino Defendants next assert Plaintiffs' assault claims against them must be dismissed, as they merely duplicate Plaintiffs' claims for battery.  (Casino Defendants' Memo in Support, PP. 4-5).  Under Missouri law, an assault is "any unlawful offer or attempt to injure another with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril."  *Devitre v. Orthopedic Center of St. Louis, LLC*, 349 S.W.3d 327, 335 (Mo. banc 2011) (internal quotations and citation omitted).   In order to plead an assault, Plaintiffs must allege:  "(1) defendant[s'] intent to cause bodily harm or offensive contact, or apprehension of either; (2) conduct of the defendant[s] indicating such intent, and (3) apprehension of bodily harm or offensive contact on the part of the plaintiff[s] caused by defendant[s'] conduct."  *Id.* (internal quotations and citation omitted).   By way of contrast, a battery is "an intended, offensive bodily contact with another."  *Geiger v. Bowersox*, 974 S.W.2d 513, 516 (Mo. App. 1998) (citation omitted).   The Missouri Supreme Court has explained that an assault "is sometimes described as an inchoate battery," while a battery "is considered the consummation of an assault."  *Devitre*, 349 S.W.3d at 335 (internal quotations and citations omitted).

Liberally construing the Complaint in Plaintiffs' favor, as it must for purposes of this motion, the Court finds Plaintiffs sufficiently have alleged the essential facts necessary to state claims for assault.  *See Elgin v. McKay*, 2014 WL 294424, at *5 (E.D. Mo. Jan. 27, 2014).  For example, with respect to Salko Radoncic Plaintiffs claim Defendants "intentionally, willfully, wantonly and maliciously threatened to strike Plaintiff SALKO and did raise open hands to and at him in such a manner as to cause Plaintiff to reasonably believe he was about to be struck in a harmful and offensive manner."  (Compl., ¶ 104; *see also Id.*, ¶ 110 (same allegation with respect to Adis Radoncic); ¶ 116 (same allegation with respect to Halil Todic)).  Furthermore, while the Court recognizes that the majority of the claimed injuries in Plaintiffs' assault counts are more

consistent with actual physical contact, it further notes that Plaintiffs additionally claim emotional and psychological injuries as a result of Casino Defendants' actions. (*See* Compl., ¶ 84, incorporated into Plaintiffs' assault claims in ¶¶ 103, 109, and 115). Thus, at this early stage of the proceedings the Court will permit Plaintiffs' assault claims to go forward, and deny this portion of Casino Defendants' Motion to Dismiss.

### III.  Intentional Infliction Of Emotional Distress

Casino Defendants next assert Plaintiffs' claims for intentional infliction of emotional distress must be dismissed. (Casino Defendants' Memo in Support, PP. 5-7). "In Missouri, to state a claim of intentional infliction of emotional distress, a plaintiff must plead: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; and (3) the conduct caused severe emotional distress resulting in bodily harm." *Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309, 321 (Mo. App. 2010) (citations omitted). "The conduct must have been so outrageous in character and so extreme in degree that it is beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* (citations omitted).

Furthermore, "Missouri courts have held that where one's conduct amounts to the commission of a traditional tort and was not intended only to cause extreme emotional distress to the victim, the tort of intentional infliction of emotional distress will not lie and recovery must be had under the appropriate traditional tort action." *Diehl*, 309 S.W.3d at 322 (citation omitted). "The rationale behind this rule is that the tort of intentional infliction of emotional distress….was intended to supplement existing forms of recovery, not swallow them." *K.G. v. R.T.R.*, 918 S.W.2d 795, 799 (Mo. banc 1996) (citation omitted). Thus, "[w]hile recovery for emotional distress caused by battery may be allowable as an element of damages in a battery action, there is

no independent action for intentional infliction of emotional distress where the existence of the claim is dependent upon a battery." *Id.*

Upon consideration, the Court finds Plaintiffs' claims for intentional infliction of emotional distress are predicated on their claims for battery and assault.[4] "Thus, their claims for [intentional infliction of emotional distress] must be dismissed, lest they 'swallow' Plaintiffs' predicate tort claims." *White v. Jackson*, 2015 WL 1189963, at *8 (E.D. Mo. Mar. 16, 2015) (quoting *K.G.*, 918 S.W.2d at 799-800). Casino Defendants' Motion to Dismiss Plaintiffs' claims for intentional infliction of emotional distress will therefore be granted. *Id.*

**IV.     42 U.S.C. § 1981**

Casino Defendants next assert Plaintiffs fail to state claims under 42 U.S.C. § 1981, because their claims for discrimination on the basis of national origin are not cognizable under that statute. (Casino Defendants' Memo in Support, PP. 7-9). Specifically, Casino Defendants note Plaintiffs' § 1981 claims are premised on the fact that they were denied access to the casino because they were wearing Bosnian National Soccer Team paraphernalia, claims clearly sounding in national origin discrimination. (*Id.*, P. 8, citing Compl., ¶¶ 41, 54, 219).

42 U.S.C. § 1981 provides in relevant part as follows: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." Section

_____

4 Plaintiffs' attempt to base their claims for intentional infliction of emotional distress on conduct that occurred prior to the alleged assault and battery fails, as the Court finds as a matter of law that such conduct was not extreme and outrageous. *See Leavitt v. Bank of Cairo and Moberly*, 2006 WL 1479502, at *5 (E.D. Mo. May 23, 2006). In other words, Defendants' actions in refusing Plaintiffs admission to the casino, even assuming they were carried out without any reasonable basis, justification or provocation on the part of Plaintiffs, "do not rise to the outrageous and extreme level required to demonstrate intentional infliction of emotional distress." *Id.*; *see also Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 310 (8th Cir. 2009) (internal quotations and citations omitted) ("Missouri case law reveals very few factual scenarios sufficient to support a claim for [intentional infliction of emotional distress].").

1981 thus has a specific function; it "protects 'identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1052 (8th Cir.) (quoting *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987)), *cert. denied*, 132 S.Ct. 513 (2011). "Section 1981 does not authorize discrimination claims based on national origin." *Id.* at 1053 (citation omitted)[5]; *see also Central America Health Sciences University, Belize Medical College v. Norouzian*, 236 S.W.3d 69, 81 (Mo. App. 2007) (internal quotations and citation omitted) ("Courts have consistently held that 42 U.S.C. section 1981 is by its very terms limited to acts of racial discrimination.").

In their response, Plaintiffs attempt to tie their discrimination claims to ancestry or ethnic characteristics, by asserting they belong to an ethnic group called "Bosniaks," "characterized by their ties to the Bosnian historical region, identification with the Islamic faith since the 15th and 16th centuries and association with a common culture and/or traditions." (Plaintiffs' Opp., PP. 8-9). Upon review, however, the Court notes that nowhere in their Complaint do Plaintiffs mention this asserted association, nor do they include allegations regarding Defendants' supposed discrimination on the basis thereof. The Court therefore will grant this portion of Casino Defendants' Motion to Dismiss, as Plaintiffs' Complaint as stated asserts only claims for discrimination based on national origin.[6] *See Zar v. South Dakota Bd. of Examiners of*

_____

5 The Eighth Circuit has explained the distinction as follows: "For example, if an individual is subjected to intentional discrimination based on the fact that he was born an Arab, rather than solely on the place or nation of his origin…[then] he will have made out a case under § 1981." *Torgerson*, 643 F.3d at 1052-53 (internal quotations and citation omitted).

6 In their response, Plaintiffs reference both a Second Amended Complaint and a contemporaneously filed Motion to Amend. (Plaintiffs' Opp., P. 8). Neither of these documents appear in the Court's record of the case.

*Psychologists*, 976 F.2d 459, 467 (8th Cir. 1992) ("This claim of discrimination based upon national origin is insufficient to state a § 1981 claim.").[7]

## V.     42 U.S.C. § 1983[8]

Casino Defendants finally assert that Plaintiffs' claims under 42 U.S.C. § 1983 must be dismissed for failure to state a claim because, even assuming they were acting under color of state law, "[a] corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978))).

> The test is whether there exists a policy, custom or action by those who represent official policy which inflicts an injury actionable under § 1983. In other words, to prove a policy, custom or action, [Plaintiffs] must show a continuing, widespread, persistent pattern of unconstitutional misconduct by [Casino Defendants'] employees; deliberate indifference to or tacit authorization of such conduct by [Casino Defendants'] policymaking officials after notice to the officials of that misconduct; and [Plaintiffs were] injured by acts pursuant to [Casino Defendants'] custom, i.e., that the custom was the moving force behind the constitutional violation.

*Id.* at 590-91 (internal quotations and citations omitted).

---

7 In light of the above ruling, the Court need not address Casino Defendants' contention that Plaintiffs' § 1981 claims fail because they fail to allege sufficient facts identifying any direct contractual relationship allegedly impaired by Casino Defendants' actions. (Casino Defendants' Memo in Support, PP. 9-11). The Court notes without deciding, however, that under Eighth Circuit law, "§ 1981 offers relief 'when racial discrimination blocks the creation of a contractual relationship' that does not yet exist, such as those contracts that might exist in the retail context under certain circumstances." *Withers v. Dick's Sporting Goods, Inc.*, 636 F.3d 958, 963 (8th Cir.) (quoting *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, 126 S.Ct. 1246, 163 L.Ed.2d 1069 (2006)), *cert. denied*, 132 S.Ct. 821 (2011). Thus, while this Court recognizes that "[m]erely entering a retail establishment is not a protected activity under § 1981," *Id.*, Plaintiffs' assertions that they were denied admittance in the first instance may state claims. *Morris v. Office Max, Inc.*, 89 F.3d 411, 414 (7th Cir. 1996).

8 Casino Defendants attempt to have Plaintiffs' § 1983 claims against the individual John Doe Defendants dismissed, for failure to assert sufficient facts to establish they acted under color of state law. (Casino Defendants' Memo in Support, PP. 11-12). Casino Defendants' attorneys have not entered an appearance on behalf of the John Doe Defendants, however, nor did they file the instant motion on their behalf. The Court therefore will not consider this portion of Casino Defendants' Motion to Dismiss.

In the instant case, the Court finds Plaintiffs' Complaint fails to include any "allegations, reference, or language by which one could begin to draw an inference that the conduct complained of…resulted from an unconstitutional policy or custom." *Crumpley-Patterson*, 388 F.3d at 591 (internal quotations and citation omitted). Instead, Plaintiffs refer solely to Casino Defendants' employees' alleged actions in this instance.[9] Under these circumstances, the Court cannot find "any language or facts from which an inference could be drawn that [Casino Defendants] had a policy or custom" of behaving in the manner alleged, and so this portion of their Motion to Dismiss must be granted. *Id. See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (holding corporations may not be held liable under § 1983 under a theory of respondeat superior).[10]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED that** Casino Defendants' Motion to Dismiss Plaintiffs' Complaint (ECF No. 6) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

Dated this 28th Day of January, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

9 Even in their response to Casino Defendants' motion, Plaintiffs express consternation solely over alleged conduct on the night in question, as follows: "The Casino defendants that night did not admit Plaintiffs to the Casino because of their Bosnian ethnicity as it was clearly demonstrated by the 'Bosnia' sports apparel the Plaintiffs were wearing….In this case Defendants were letting patrons in with Argentina apparel while prohibiting those with 'Bosnia' apparel entrance….Denying people who appear Bosnian entrance into the Casino while allowing people who appear Argentinian reflected a custom or action by Defendants that inflicted actionable injury (excessive force, false arrest, denial of civil rights) to Plaintiffs under § 1983." (Plaintiffs' Opp., PP. 9-10).
10 In light of the above rulings, the Court agrees with Casino Defendants that Plaintiffs' claim against them pursuant to 42 U.S.C. § 1988 must be dismissed as well.